# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:14CR174 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| JACOB W. DENG, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 113, submitted by Defendant Jacob W. Deng ("Deng") . Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## PROCEDURAL BACKGROUND

Following a trial by jury, Deng was found guilty of Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. § 846 (Count I); Distribution of 5 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1) (Count II); Possession with Intent to Distribute Methamphetamine and Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1) (Count III); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count IV). On June 29, 2015, he was sentenced to a term of 235 months on Counts I, II, and III, grouped, and a

sentence of 120 months on Count IV, concurrent. He also received five years of supervised release on Counts I, II, and III, grouped, and three years supervised release on Count IV, also concurrent. The sentences imposed were at the bottom of the applicable guidelines ranges under the United States Sentencing Guidelines, after the Court sustained two of the Defendant's objections to the Presentence Investigation Report.

The Defendant filed a direct appeal to the U.S. Court of Appeals for the Eighth Circuit. The Court of Appeals conducted an independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and found no non-frivolous issues. Judgment was entered affirming the judgment of the district court on November 11, 2016, and the mandate was issued on June 22, 2016. The § 2255 Motion is the Defendant's first such motion, and it is timely filed.

## DISCUSSION

Deng raises four grounds for relief: (1) Ineffective Assistance of Counsel During Discovery and Trial, (2) Prosecutorial Misconduct, (3) Actual Innocence, and (4) Ineffective Assistance of Counsel During Appeal. His 165-page Motion divides these four grounds into 14 sub-parts, and 24 additional sub-sub-parts.

**<u>Ground One: Ineffective Assistance of Counsel During Discovery and Trial</u>**

In order to establish ineffective assistance of counsel, a Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed

2

by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

The record reflects that Deng received court-appointed counsel, a highly experienced attorney from the Office of the Public Defender, on May 30, 2014. Counsel moved to suppress certain statements made by Deng and, after a hearing, the Magistrate Judge recommended that the statements be suppressed. This Court adopted the recommendation and suppressed the statements. Deng then discharged his lawyer; the lawyer was given leave to withdraw; and a new highly experienced lawyer from the Court's Criminal Justice Act Panel was appointed to represent Deng. Deng then retained his own counsel, and court-appointed counsel was given leave to withdraw. Deng's retained counsel was also highly experienced, and trial was continued to give retained counsel ample opportunity to prepare. After a three-day trial, the jury found Deng guilty on all four counts.

Deng asserts that his lawyer should have conducted additional investigation, objected to the Indictment, impeached witnesses, moved to suppress additional evidence, subpeonaed additional witnesses, and raised more objections at trial. None of Deng's assertions suggests that his court-appointed or retained counsel performed outside the wide range of reasonable professional assistance or made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Nor has Deng demonstrated that counsel's performance prejudiced the defense.

**Ground Two: Prosecutorial Misconduct**

Deng asserts that the prosecutor knowingly presented false evidence, including manufactured evidence, falsified police reports, and perjured testimony. Deng alleges that witnesses were coached and coerced by the prosecution, resulting in a miscarriage of justice.

The Court finds no reasonable basis to conclude that the prosecution knowingly presented false evidence. The jury evaluated the credibility of the prosecution's witnesses and gave that testimony such weight as the jury determined it merited.

**Ground Three: Actual Innocence**

Deng asserts that he is innocent of the offenses charged. The jury's duty was to determine, based on the evidence presented and the instructions of the Court, whether the government had proved, beyond a reasonable doubt, each essential element of each charge. While Deng has every right to assert his actual innocence, and did so through his trial testimony, the government presented sufficient evidence from which a reasonable jury could conclude that the government had satisfied that burden.

**Ground Four: Ineffective Assistance of Counsel on Appeal**

Deng's retained counsel was appointed to represent Deng on appeal after Deng moved for leave to proceed in forma pauperis. After a transcript of the proceedings was prepared, Deng's counsel submitted an appellate brief pursuant to *Anders v. State of California,* 386 U.S. 738 (1967). Deng contends that counsel was ineffective for failing to raise on appeal the issues Deng presents in Grounds One, Two, and Three, as well as an alleged miscalculation of Deng's sentencing guideline. Deng again asserts that the

government's case against him was based on "circumstantial evidence," and therefore insufficient to support a guilty verdict.

The law makes no distinction between direct and circumstantial evidence, and a conviction may be based on circumstantial evidence alone. See *Holland v. United States,* 348 U.S. 121, 139-140 (1954). At Deng's trial, both direct and circumstantial evidence was received and was considered by the jury.

Although an *Anders* brief was filed on appeal, the Court of Appeals conducted an independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and found no non-frivolous issues.

Prior to the sentencing, Deng's counsel raised a wide range of objections to the Presentence Investigation Report ("PSR"). See ECF No. 72. This Court granted two of the objections–one relating to the conversion of cash into drug quantity, and another relating to an obstruction-of-justice enhancement for Deng's trial testimony. The Total Offense Level for Deng's guideline calculation was reduced from 38 to 34. The Court found Deng's other objections–which he now reasserts–to be without merit. The Court has re-examined the full record of proceedings, and continues to find a lack of merit in Deng's other objections to the calculation of his base offense level and criminal history category. Accordingly, the Court cannot conclude that counsel, on appeal, performed outside the wide range of reasonable professional assistance or made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Nor can the Court conclude that counsel's performance, on appeal, caused any prejudice to Deng.

**CONCLUSION**

The Court has completed its initial review of Deng's § 2255 Motion. It plainly appears from the Motion, attached exhibits, and record of prior proceedings, that Deng is not entitled to relief.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 113;

2. The Court summarily dismisses the Defendant's § 2255 Motion;

3. A separate Judgment will be issued denying the § 2255 Motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 3rd day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge