IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:14CR174 |
| v. | MEMORANDUM AND ORDER |
| JACOB W. DENG, | |
| Defendant. | |

This matter is before the Court on defendant Jacob W. Deng's ("Deng") Motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2) (Filing No. 153); his Motion under Federal Rule of Civil Procedure 15(c) (Filing No. 154); and his Motion for Copies and for Status (Filing No. 155). For the following reasons, the Motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2) and the Motion under Federal of Civil Procedure 15(c) are denied. The Motion for Copies and for Status is granted in part and denied in part.

I.    RULE 60(b) MOTION

Deng first seeks an order setting aside the Court's Judgment entered in this action on May 3, 2017 (Filing No. 118), which denied Deng's first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Deng argues he was sentenced under the incorrect assessment of the advisory United States Sentencing Guidelines range. "[A] post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). The substance of Deng's motion is to correct his sentence and must be treated as a motion under § 2255. *See United States v. Matlock*, 107 F. App'x 697, 698 (8th Cir. 2004) (concluding a motion brought under Rule 60(b) to correct sentence was a successive § 2255 motion). Deng previously filed an unsuccessful § 2255 motion. Accordingly, under 28 U.S.C. § 2255(h), the Court lacks jurisdiction to consider the merits

of his Rule 60(b) motion without authorization from the Eighth Circuit. *See Fine*, 982 F.3d at 1118.

## II. RULE 15(c) MOTION

Deng seeks to avoid this result—and the expiration of § 2255(f)'s one-year statute of limitation—by arguing that the merits of his Rule 60(b) motion relate back to the time of his original § 2255 motion or back to sentencing (Filing No. 154 at 1-2). The Eighth Circuit has held that provisions of Rule 15(c) may apply to amendments to § 2255 motions. *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). "An amended habeas petition," however, "does not relate back (and thereby escape [§ 2255]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Even if the Court had jurisdiction, Deng's claims do not relate back to his first § 2255 motion. Deng asserts that he previously argued he was improperly given two additional criminal history points based on sentences that were imposed in South Dakota state court more than ten years before his commencement of the instant offense. Deng alleges he has now obtained his sentencing transcripts for these South Dakota state convictions so he can show the sentences were imposed more than ten years before the instant offense. However, even if these transcripts somehow revealed dates that were not already part of the record, Deng did not directly raise this issue in his previous § 2255 motion and his argument is supported by facts that differ in type from his original motion. Accordingly, his Rule 60(b) motion does not relate back.

## III. MOTION FOR COPIES AND FOR STATUS

Deng's final motion first seeks information about the filing status of his Rule 60(b) Motion and Rule 15(c) Motion. By way of response, this Memorandum and Order addresses and disposes of both motions above. Deng also moves for copies. He first requests a copy of the grand jury minutes. A defendant seeking disclosure of grand jury materials bears the burden of presenting a "strong showing of particularized need" for these

materials. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). A party demonstrates particularized need where (1) the material is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only the material needed. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979). Deng does not provide any justification for his request. His conclusory request thus falls far short of establishing any particularized need for disclosing grand jury materials.

Deng also requests transcripts of the opening and closing statements at his trial. The Court will not provide copies of transcripts without prepayment of the costs. Accordingly, Deng's request for copies is denied without prejudice. Deng may contact the Office of the Clerk of the United States District Court concerning the cost for copies of requested documents.

Finally, Deng requests a copy of his docket sheet without the payment of costs. The Court will grant the motion to the extent that the Clerk of Court may send Deng a copy of the docket sheet without prepayment of costs. No further copies will be furnished to Deng without prepayment of costs.

IT IS ORDERED:
1. Defendant Jacob W. Deng's Motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2) (Filing No. 153) is denied.
2. Deng's Motion under Federal Rule of Civil Procedure 15(c) (Filing No. 154) is denied.
3. Deng's Motion for Copies and for Status (Filing No. 155) is granted in part and denied in part as set forth in this Memorandum and Order. The Clerk of Court may send defendant a copy of the docket sheet without prepayment of costs at Deng's last known address.

Dated this 25th day of April 2022.

BY THE COURT:

*[signature: Robert F. Rossiter, Jr.]*

Robert F. Rossiter, Jr.
Chief United States District Judge